THOMAS, Judge,
concurring in part and dissenting in part.
Although I concur in the affirmance of the judgment in favor of Holloway because I agree that the evidence at trial was sufficient to support the trial court’s judgment declaring Holloway permanently and totally disabled, I disagree with the majority’s conclusion that the other arguments presented by Shadescrest were not sufficiently raised in the trial court to be considered on appeal. Shadescrest relied on Ala.Code 1975, § 25-5-57(a)(4)d., which prevents an employee who has refused a reasonable accommodation or vocational rehabilitation offered by the employer from being considered permanently and totally disabled. Although I agree that Shadescrest did not artfully argue its position at trial or in its postjudgment motion, it is apparent to me that at least part of the focus of Shadescrest’s presentation of evidence and at least a portion of its argument below was that Holloway had been offered a light-duty position that was designed to accommodate her restrictions, that she should have been able to perform the duties assigned to her in the light-duty position based on her FCE results, and that her failure to return to work after only two days in that light-duty position should preclude a permanent-total-disability finding. Thus, I would consider the arguments Shadescrest asserts on appeal relating to the application of the failure-to-accept-reasonable-accommodation-or-vocational-rehabilitation exclusion set out in § 25-5-57(a)(4)d.